# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFON BROWN, | )<br>) Civil Action No. 14 – 927 |
| Petitioner, | )<br>) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan<br>) |
| KATHLEEN KANE, | )<br>) |
| Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Alfon Brown ("Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his judgment of sentence of life imprisonment without the possibility of parole, entered on April 18, 2008, in the Court of Common Pleas of Allegheny County, Criminal Division, imposed after he was convicted of two counts of second-degree murder. For the following reasons, Petitioner's application for federal habeas corpus relief will be denied.

### A. **Background**

The pertinent factual and procedural history of this case, as summarized by the trial court in its Pa. R.A.P. 1925(a) Opinion dated December 11, 2008, are as follows:

> The information alleged that on February 20, 2005, the defendant was involved in a shooting/burglary that resulted in the death of T.C. Lyerly and Chaoe Davis, and caused serious injuries to Kevilin Middleton. The trial proceeded non-jury before this court. The trial commenced on June 18, 2007, and continued on numerous dates, until February 8, 2008, when this court adjudicated the defendant guilty of two counts of second-degree homicide at CC200506494, and burglary and conspiracy at CC200506950. On April 18, 2008, this court

sentenced the defendant to two concurrent terms of life imprisonment without parole for the homicide convictions, plus a consecutive term of imprisonment of 8-16 years imprisonment for the remaining charges.

* * * * *

The following evidence was adduced at trial. Kevilin Middleton hosted a party at his residence located at 8610 Westwood Road, in Penn Hills, Pennsylvania (hereinafter referred to as the "residence"), and arranged for exotic dancers to perform during the party for the payment of $200.00. Three females arrived to perform exotic dancing after midnight on February 20, 2005: Helen McCorkle, (whose working name was "Odyssey"), Geneva Burrell, (whose working name was "Black Cherry"), and Angel Potter, (whose working name was "Spice").

Kevilin Middleton, T.C. Lyerly and Chaoe Davis were the only people remaining at the residence when the dancers arrived. Mc. McCorkle and Ms. Potter intended on performing the exotic dance. Mr. Middleton did not like Ms. Potter's appearance, and insulted her and refused to pay her to dance. Ms. Burrell was unwilling to dance despite Mr. Middleton's insistence that she dance instead of Ms. Potter. Mr. Middleton, Ms. Potter, and Ms. Burrell argued over the payment and the dancers; and then both Ms. Potter and Ms. Burrell made cell phone calls to some of the co-defendants. The defendant is the father of Ms. Potter's child and she called him in distress after the argument.

Ms. McCorkle went outside after the argument. As she waited for the other women to leave the residence, she saw a vehicle drive up to the residence and saw four men exit the vehicle and approach the residence. Ms. McCorkle recognized the defendant as the first man to enter the residence, and Mr. Middleton (a victim) testified that the first man to enter the house asked for money then shot Chaoe Davis.

McCorkle also recognized Ramone Coto and Erik Surratt as they entered the residence. The remaining man was wearing a ski mask, and Ms. McCorkle did not recognize him. However, Geneva Burrell identified Richard Cunningham as the man who entered the house wearing a ski mask. Additionally, Richard Cunningham's fingerprints were found on the interior storm door.

Ms. McCorkle testified that Ramone Coto and Erik Surratt entered the residence with firearms. Ms. Potter and Ms. Burrell saw Erik Surratt in the residence with a large firearm. T.C. Lyerly and Chaoe Davis were killed during the shooting/burglary and Kevilin Middleton was severely injured.

(Resp't Ex. 6, ECF No. 16-2 at pp.5-8.)

After exhausting his state appeals, Petitioner filed the instant Petition for Writ of Habeas Corpus on July 11, 2014. (ECF No. 1.) The Petition raises the following three claims:

1. Insufficiency of evidence to support convictions for Second Degree Murder, Burglary, and Conspiracy to commit Burglary.

2. Trial counsel was ineffective for failing to adequately research Petitioner's "Notice of Joinder" and file a motion to sever cases that were not properly joined.

3. PCRA counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to raise a meritorious Speedy Trial claim.

Respondents filed their Answer to the Petition on February 6, 2015. (ECF No. 16.)

**B. Federal habeas standard of review**

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), habeas relief is only available on the grounds that Petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

As codified at 28 U.S.C. § 2254(d), AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was *contrary to,*[1] or involved an unreasonable application of,[2] *clearly established Federal law, as determined by the Supreme Court of the United States*; or

---

[1] "The test for § 2254(d)(1)'s 'contrary to' clause is whether the state court decision 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it contradicts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result.'  Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000), and Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)).  Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent.

3

> (2) resulted in a decision that was based on an *unreasonable determination of the facts in light of the evidence presented in the State court proceeding*.[3]

(Emphasis added). Importantly, regardless of whether a state court has adjudicated a claim on the merits so as to invoke review under the standard set forth in § 2254(d), under 28 U.S.C. § 2254(e)(1) a federal habeas court must presume that all of the state court's factual findings are correct unless the presumption is rebutted by "clear and convincing evidence." *See*, *e.g.*, Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) (citing 28 U.S.C. § 2254(e)(1)). *See also* Weeks

---

*See* Kane v. Garcia Espitia, 546 U.S. 9 (1995)." Roundtree v. Balicki, 640 F.3d 530, 537 (3d Cir. 2011) (bracketed text in original) (parallel citations omitted).

[2] "The test for § 2254(d)(1)'s 'unreasonable application of' clause is as follows: '[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case.' Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 519, 520 (2003)). For purposes of § 2254(d)(1), '[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous.' Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' Id. at 75-76, 123 S. Ct. 1166 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Rather, '[t]he state court's application of clearly established law must be objectively unreasonable' before a federal court may grant the writ. Andrade, 538 U.S. at 75." Roundtree, 640 F.3d at 537 (parallel citations omitted).

[3] "The test for § 2254(d)(2)'s 'unreasonable determination of facts' clause is whether the petitioner has demonstrated by 'clear and convincing evidence,' § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. *See* Rice v. Collins, 546 U.S. 333, 338-39 (2006) ('State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)); *see also* Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) ('Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.'). Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. Cullen v. Pinholster, – U.S. – [ ], 131 S. Ct. 1388, 1401-03 (2011)." Roundtree, 640 F.3d at 537-38 (parallel citations omitted).

v. Snyder, 219 F.3d 245, 259 (3d Cir. 2000) (quoting Marshall v. Longberger, 459 U.S. 422, 434 (1983), for the proposition that habeas review does not permit a federal court to redetermine the credibility of witnesses whose demeanor has been observed by the state court); Miller-El v. Cockrell, 537 U.S. 322, 339-41 (2003).

C. **Ineffective assistance of counsel standard of review**

Ineffective assistance of counsel claims are "governed by the familiar two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984)." Shelton v. Carroll, 464 F.3d 423, 438 (3d Cir. 2006) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003)). For AEDPA purposes, the Strickland test qualifies as "clearly established Federal law, as determined by the Supreme Court." Williams v. Taylor, 529 U.S. 362, 391 (2000). Under Strickland, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687. For the deficient performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

With respect to the sequence of the two prongs, the Strickland Court held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697. In assessing an ineffective assistance of

5

counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding . . . . In every case the court should be concerned with whether . . . the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696.

    **D. <u>Discussion</u>**

        **1. <u>Claim one: The evidence was insufficient to support convictions for Second Degree Murder, Burglary, and Conspiracy to commit Burglary.</u>**

Petitioner first claims that there was insufficient evidence to support his convictions for second degree murder, burglary, and conspiracy to commit burglary. Petitioner raised this claim on direct appeal and it was addressed by Judge Nauhaus in his Pa. R.A.P. 1925(a) Opinion as follows:

> [T]he defendant claims that there was insufficient evidence to support the burglary and murder convictions, that the defendant was [ ] licensed or privileged to enter the victim's residence, having been invited there by the guests Ms. Burrell and/or Ms. Potter. The defendant also argues that there was insufficient evidence [to] establish that the killing was committed in furtherance of the underlying burglary felony. Bother Ms. Burrell and Ms. Potter lacked the authority to grant any of the defendants the privilege to enter the residence. It is [u]ndisputed that the defendant and co-defendants were not privileged to enter the residence brandishing loaded firearms. The first man to enter the house asked for money then shot Chaoe Lyerly. The evidence proved unauthorized entry into the residence to commit burglary and second-degree murder.
>
> Next the defendant argues that there was insufficient evidence to support the conspiracy conviction. The evidence showed a conspiracy where the four co-defendants exited their vehicle together, with some members carrying visible firearms, and shot the victims after entering the residence and asking for money. Each member of a conspiracy to commit murder can be convicted of a homicide regardless of who inflicted the fatal wound. Circumstantial evidence is often used to prove a conspiracy. There was sufficient circumstantial evidence of a conspiracy to support the convictions.

(Resp't Ex. 6, ECF No. 16-2 at pp.10-11.) On appeal, the Pennsylvania Superior Court adopted Judge Lauhaus' analysis as fully dispositive of the issue and denied relief. (Resp't Ex. 9, ECF No. 16-5 at pp.4-6.)

Petitioner's claim regarding the sufficiency of the evidence expresses a federal constitutional claim that is proper for habeas review. *See* Robertson v. Klem, 580 F.3d 159, 165 (3d Cir. 2009) (quoting Jackson v. Virginia, 443 U.S. 307, 321 (1979) ("it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim" and that "it follows that such a claim is cognizable in a federal habeas corpus proceeding."), and citing Fiore v. White, 531 U.S. 225, 228-29 (2001) (per curiam) ("We have held that the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt.")).

The state courts' disposition of Petitioner's sufficiency of the evidence claim is entitled to deference under the standard of review set forth at 28 U.S.C. § 2254(d), as amended by the AEDPA. *See* section B, *supra*. The "clearly established Federal law" in which to analyze the sufficiency of the evidence claim is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). In a habeas corpus proceeding, where the sufficiency of the evidence is in contention:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt . . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson v. Byrd, 105 F.3d 145, 147 (3d Cir. 1997) (quoting Jackson v. Virginia, 443 U.S. at 318-19) (internal citations and quotes omitted).  See also Robertson, 580 F.3d at 164; Orban v. Vaughn, 123 F.3d 727, 731-33 (3d Cir. 1997).

In adjudicating this claim, the Superior Court applied the Pennsylvania equivalent of the Jackson v. Virginia standard.  See Resp't Ex. 9, ECF No. 16-5 at pp.5-6 (citing Commonwealth v. Lambert, 795 A.2d 1010, 1014-15 (Pa. Super. 2002)).  See also Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992) (the test for insufficiency of the evidence is the same under both Pennsylvania and federal law).  In denying relief, the Superior Court relied on the trial court's disposition of this claim, which court set forth a review of the evidence to explain why a rational finder of fact court have found beyond a reasonable doubt the elements of the crimes of second degree murder, burglary and conspiracy to commit burglary.  In their Answer to the Petition, Respondents have aptly set forth a thorough review of the evidence that was presented at trial.  (ECF No. 16 at pp.36-41.)  It cannot be concluded that the Commonwealth did not submit sufficient evidence to support Petitioner's second degree murder, burglary and conspiracy to commit burglary convictions under the standards presented by Jackson v. Virginia, and the Superior Court's adjudication withstands AEDPA's standard of review.  Therefore, this claim does not warrant habeas relief.

> **2. Claim two:  Ineffective assistance of trial counsel for failing to adequately research the "Notice of Joinder" and file a motion to sever cases that were not properly joined.**

Petitioner's second claim is that his trial counsel was ineffective for failing to adequately research the Commonwealth's "Notice of Joinder" and file a motion to sever cases that were not properly joined.  Specifically, he argues that the Commonwealth's Notice of Joinder was not legally binding or in compliance with Pa.R.Crim.P. 582, which provides, in pertinent part:

8

Notice that offenses or defendants charged in separate indictments or informations will be tried together shall be in writing and filed with the clerk of courts. A copy of the notice shall be served on the defendant at or before arraignment.

Pa.R.Crim.P. 582(B)(1).

Petitioner raised the underlying claim regarding severance on direct appeal and in his Pa. R.A.P. 1925(a) Opinion, Judge Nauhaus found as follows:

> The . . . issue raised by the defendant questions whether this Court erred and/or abused its discretion in denying the motion for severance that defendant filed on September 22, 2006, and this Court denied on October 3, 2006. Joint trials are encouraged where the crimes charged against each defendant arise out of the same set of facts and the evidence is applicable to each defendant. Separate trials should only be granted where there are antagonistic defenses that would result in prejudice if a joint trial occurred. Commonwealth v. Rainey, 593 Pa. 67, 938 A.2d 215, 236 (2007). The defendant's motion to sever was properly denied because the co-defendant's crimes arose out of the same facts, and the defenses were not so antagonistic as to prejudice the defendant.

(Resp't Ex. 6, ECF No. 16-2 at pp.8-9.)

On direct appeal, the Superior Court acknowledged that the notice provided by the Commonwealth was substandard, but it did not violate Rule 582 or result in any prejudice to Petitioner because he knew that his case was joined with the co-defendants.

> . . . . While the Commonwealth did provide notice on the information sheet that [A]pellant's case was "linked" with other cases on an attached sheet, and that attached sheet listed, *inter alia*, the prosecutions of Coto and Surratt, the record reveals that the Commonwealth did not file a formal motion to "join" the cases. [On June 19, 2007, prior to the beginning of testimony, the Commonwealth did file a motion to consolidate pursuant to Rule 582, requesting the trial court to consolidate the cases of Appellant, Erik Surratt, Ramone Coto, and Richard Cunningham. Appellant responded by filing the Rule 600 motion to dismiss. On that same date, the trial court denied Appellant's motion.]

(Resp't Ex. 9, ECF No. 16-5 at p.8.) As to whether the trial court erred when it denied Petitioner's motion for severance, the Superior Court stated:

> . . . . Appellant claims that the trial court should have severed his case from that of his co-defendants since he was prejudiced by evidence that his co-

9

defendant, Erik Surratt, wrote letters to others which "showed Surratt's intention to involve appellant in Surratt's plan to thwart prosecution" by "any means necessary, including perjury, and intimidation of witnesses." Brief for Appellant, p. 35. See also: Motion for Severance, September 22, 2006. Appellant complains that his credibility was called into question by these letters which were used against Surratt.

* * * * *

. . . . Appellant's argument presents no basis upon which to disagree with the rationale of the trial judge. We simply add to the trial court's discussion that "[t]he prejudice of which [Rule 583] speaks is . . . that which would occur if the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." Commonwealth v. Boyle, 733 A.2d 633, 637 (Pa.Super. 1999) (citation omitted). Here, the case was ultimately decided by the trial judge, who is assumed to be able to consider the evidence only for its intended evidentiary purpose. See: Commonwealth v. Gribble, 580 Pa. 647, 660, 863 A.2d 455, 462 (2004). Accordingly, [this] claim fails.

(Resp't Ex. 9, ECF No. 16-5 at pp.12-14.)

In his PCRA petition, Petitioner raised the severance claim again but this time in terms of ineffective assistance of counsel. The trial court determined that the ineffective assistance of counsel claim failed because the underlying claim of error had been determined to be meritless. (Resp't Ex. 18, ECF No. 16-9 at p.7.) On appeal, the Superior Court noted its agreement with the trial court:

> Our review of the record supports this Court's prior determination that Appellant's reliance upon a "defective" Rule 582 notice of joinder is without merit. Thus, as the PCRA court concluded, Appellant's trial counsel cannot be deemed ineffective for failing to "adequately research" this issue. Loner, supra. Indeed, in asserting his ineffectiveness claim, Appellant proffers no additional helpful information that trial counsel could have discovered had he "adequately researched" the issue. Claims of ineffectiveness cannot be raised in a vacuum. Commonwealth v. Thomas, 783 A.2d 328, 333 (Pa. Super. 2001). "This Court will not consider claims of ineffectiveness without some showing of factual predicate upon which counsel's assistance may be evaluated." Id. (citation omitted). Appellant's final claim amounts to no more than "bare assertions" that provide no basis for a conclusion that counsel was ineffective. Thomas, 783 A.2d at 333.

(Resp't Ex. 21, ECF No. 16-10 at p.25.)

Because the state court rejected Petitioner's ineffective assistance of counsel claim on the merits, this Court must review it under AEDPA's standard of review, which is set forth at 28 U.S.C. § 2254 and in section C, *supra*.

Under AEDPA, review is to proceed as follows.

> . . . . "[W]e must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim." *Id.* (citing *Matteo,* 171 F.3d at 888). To do so, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Id.* (quoting *Matteo,* 171 F.3d at 888). "If we determine that the state court decision is not 'contrary to' the applicable Supreme Court precedent, then we are required to advance to the second step in the analysis- whether the state court decision was based on an 'unreasonable application of' Supreme Court precedent." *Id.* (citing *Matteo,* 171 F.3d at 888). In performing this inquiry, "we are not authorized to grant habeas corpus relief simply because we disagree with the state court's decision or because we would have reached a different result if left to our own devices." *Id.* (citing *Matteo,* 171 F.3d at 889). Rather, the state court's application of Supreme Court precedent must have been "objectively unreasonable," *i.e.,* "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* (quoting *Matteo,* 171 F.3d at 890); *see also Price v. Vincent,* 538 U.S. 634, 636, 643, 123 S.Ct. 1848, 155 L.Ed.2d 877 (2003) (unanimously reversing a decision to grant habeas relief as "exceed[ing] the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)" because "[e]ven if we agreed with the Court of Appeals that the Double Jeopardy Clause should be read to prevent continued prosecution of a defendant under these circumstances, it was at least reasonable for the state court to conclude otherwise.").

Hackett v. Price, 381 F.3d 281 (3d Cir. 2004) (citing Werts v. Vaughn, 228 F.3d 178, 196-97 (2000)).

First, the "clearly established Federal law" in which to analyze Petitioner's ineffective assistance claims is set forth in Strickland, *supra*, and the state court applied this standard to

11

Petitioner's ineffectiveness claim.[4] With regard to the first inquiry under AEDPA, Petitioner has not demonstrated that Strickland "requires the contrary outcome" with respect to his ineffectiveness claim, and therefore, the state courts' adjudication of this claim was not "contrary to" Strickland. *See also* Werts, 228 F.3d at 202-04 ("[A] state court decision that applied the Pennsylvania [ineffective assistance of counsel] test did not apply a rule of law that contradicted Strickland and thus was not 'contrary to' established Supreme Court precedent.").

The dipositive question, then, is whether the state courts' adjudication of Petitioner's ineffective assistance of counsel claim was an "unreasonable application" of Strickland. It was not. In order to overcome AEDPA's standard of review, Petitioner must show that the state courts' decision "cannot reasonably be justified under existing Supreme Court precedent[,]" Matteo, 171 F.3d at 890, and, he falls far short of meeting this burden.

In light of the Superior Court's conclusion that joinder was appropriate under the circumstances and that the trial court did not err by granting the Commonwealth's motion, counsel could not have rendered constitutionally ineffective assistance by failing to "adequately research" the joinder issue and file a motion to sever. *See* United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) (counsel cannot be deemed ineffective for failing to pursue a meritless argument). Petitioner has not met his burden under 28 U.S.C. § 2254 and therefore relief will be denied.

### 3. Claim three: PCRA counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to raise a meritorious Speedy Trial claim.

---

[4] Although Pennsylvania courts typically articulate a three-prong test for gauging ineffective assistance claims, and Strickland sets forth its test in two prongs, the legal evaluation is the same, and the difference merely reflects a stylistic choice on the part of state courts. *See* Werts, 228 F.3d at 202–03.

Petitioner's third claim is that his PCRA counsel provided ineffective assistance for failing to raise an ineffective assistance of counsel claim before the trial court concerning Petitioner's constitutional speedy trial rights. Respondents are correct that this claim is procedurally defaulted.

First, with regard to ineffective assistance of trial counsel claims, the Pennsylvania Supreme Court established a general rule in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), that "a petitioner should wait to raise claims of ineffective assistance of counsel until collateral review." Id. at 738. Thus, collateral review would have been Petitioner's first opportunity to raise his claim that trial counsel was ineffective for failing to raise a constitutional speedy trial rights claim on Petitioner's behalf.

Next, although it is clear from his *pro se* PCRA petition filed on June 29, 2011, that Petitioner wanted his PCRA attorney to raise an ineffectiveness claim against his trial counsel for failing to assert his speedy trial rights, it is unclear from that petition whether Petitioner is alleging that his trial counsel was ineffective for failing to raise a constitutionally based speedy trial rights claim or, in the alternative, that trial counsel was ineffective for failing to raise a Rule 600 based speedy trial rights claim. *See* Resp't Ex. 13a, ECF No. 16-6 at pp.15-21. While Petitioner briefly mentioned the United States Constitution and the Sixth Amendment in Argument 2 of his *pro se* PCRA petition, Petitioner's specific averment was that: "The Petitioner (Brown) had a meritorious right to a speedy trial under Rule 600 (formerly Rule 1100). And he specifically asked his trial Counsel to file a Rule 600, (Speedy Trial) Motion on his behalf." Id. Thus, after Attorney Rewis was appointed to represent Petitioner on collateral review and had an opportunity to review Petitioner's *pro se* PCRA petition, Attorney Rewis raised and analyzed a Rule 600 issue in the Turner/Finley no-merit letter that he filed on October 30, 2012, and found

13

that it was not a meritorious issue for Petitioner to raise under the PCRA. (Resp't Ex. 13b, ECF No. 16-8 at p.5.) Following his analysis of this Rule 600 based claim, it does not appear that Attorney Rewis analyzed a constitutionally based speedy trial rights claim in his Turney/Finley letter submitted to the PCRA court.

Next, following its review of the Turney/Finley letter filed by Attorney Rewis and its own review of the record, the PCRA court granted Attorney Rewis permission to withdraw from the case on December 14, 2012, and the PCRA court informed Petitioner that the court intended to dismiss the petition. (Resp't Ex. 14, ECF No. 16-8 at pp.15-19.) The court informed Petitioner that he could request new counsel to assist him or, in the alternative, that Petitioner could file a *pro se* response to the notice of intent to dismiss within 20 days. Id.

Petitioner elected to respond to the notice of intent to dismiss by filing *pro se* objections on January 7, 2013. (Resp't Ex. 15, ECF No. 16-8 at pp.20-30.) At that stage in the proceedings, Petitioner had the opportunity to raise post-conviction claims of ineffectiveness against Attorney Rewis for failing to identify any meritorious issues under the PCRA and, additionally, Petitioner had the opportunity to further develop or expound upon the claims addressed by Attorney Rewis and convince the trial court that it should not dismiss the PCRA petition. In his *pro se* objections, however, Petitioner failed to assert the constitutionally based speedy trial rights claim that he seeks to assert in his federal habeas petition. Id.

Petitioner also did not raise the constitutionally based speedy trial claim as an independent appellate claim when he challenged the denial of his PCRA petition in the Superior Court. (Resp't Ex. 19, ECF No. 16-9 at pp.10-37.) Instead, Petitioner only discussed his speedy trial rights in the context of his claim related to joinder. Id. Thus, to the extent Petitioner wished to raise a constitutionally speedy trial rights claim on collateral review, Petitioner appears to

have abandoned the issue. Accordingly, this claim is procedurally defaulted for purposes of federal habeas review because if he were to attempt to raise this claim in the PCRA court now it would be considered an untimely second PCRA petition due to PCRA's jurisdictional time-bar. *See* 42 Pa.C.S.A. §§ 9544(b); 9545(b)(1) (defining waiver of claims under the PCRA and the jurisdictional requirements for PCRA petitions).

Petitioner attempts to overcome the procedural default by alleging that his PCRA counsel was ineffective under <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012),[5] for failing to raise the claim that trial counsel was ineffective when trial counsel "fail[ed] to raise petitioner's constitutional Speedy Trial rights" claim. (ECF No. 1 at pp.20-21.) As demonstrated above, however, it was Petitioner himself who failed to pursue the constitutional issue following the PCRA court's order on December 14, 2012, that allowed Attorney Rewis to withdraw as counsel. Thus, while Petitioner was acting *pro se*, he himself abandoned the issue on collateral review by failing to pursue the issue in his objections to the notice of intent to dismiss and by failing to raise the issue in his brief to the Superior Court following the denial of his PCRA petition. Consequently, PCRA counsel cannot be held to be ineffective under <u>Martinez</u> for failing to pursue the issue since it was Petitioner himself who abandoned it. *See* <u>Edwards v. Carpenter</u>, 529 U.S. 446, 450-54 (2000) (a petitioner can procedurally default the claim of ineffectiveness that he is relying

---

[5] In <u>Martinez</u>, the Supreme Court held for the first time that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), a petitioner may be able to establish "cause" sufficient to overcome a procedural default of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective [under the standard of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)]." 132 S. Ct. at 1320. The Supreme Court based its decision on what it determined to be an equitable right to seek relief from a procedural default in a federal habeas matter. It did not hold that a petitioner has a constitutional right to counsel in initial-review collateral proceedings such as the PCRA. <u>Martinez</u>, 132 S. Ct. at 1313-21.

upon to establish cause for the default of another claim). *See also*, Haggie v. Coleman, 2014 WL 5795602, at *8 (W.D. Pa. Oct. 6, 2014) (petitioner cannot overcome his default because any failure to properly raise and brief his PCRA claims is attributable to him since he was proceeding *pro se*).

### E. Certificate of Appealability

A court should issue a Certificate of Appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We find that jurists of reason would not find it debatable whether Petitioner states a valid claim of the denial of a constitutional right, and jurists of reason would not find debatable the issue of whether this Court were correct in concluding that the Petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a Certificate of Appealability. A separate Order will issue.

Dated: July 14, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFON BROWN, | ) | |
| | ) | Civil Action No. 14 – 927 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| KATHLEEN KANE, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

**AND NOW**, this 14 day of July, 2016, and in accordance with the Court's Memorandum Opinion, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Alfon Brown
HN-4619
SCI Dallas
1000 Follies Road
Dallas, PA 18612